NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOANNA MAŁGORZATA NIEWIADOMSKI,<br><br>Plaintiff,<br><br>v.<br><br>MONTGOMERY TOWNSHIP et al.,<br><br>Defendants. | Civil Action No. 26-4158 (RK) (TJB)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Joanna Małgorzata Niewiadomski's ("Plaintiff") application to proceed *in forma pauperis* ("IFP," ECF No. 1–2), together with her Complaint ("Compl.," ECF No. 1) against Defendants Montgomery Township, Montgomery Township Police Department, Officer Chapkowski, Officer Gonzalez, Hillsborough Township, Hillsborough Township Police Department, Princeton, Princeton Police Department, Borough of Manville, Manville Police Department, Lieutenant John Crater, Jessica Lyons, Esq., Somerset County Jail, Warden of Somerset County Jail, Morris County Correctional Facility, Mercer County Correctional Center, Warden of Mercer County Correction Center, and John/Jane Doe Officers 1–20 ("Defendants"). For the reasons stated herein, Plaintiff's IFP application is **GRANTED**, and her Complaint is **DISMISSED WITHOUT PREJUDICE**.

## I. BACKGROUND

At the outset, the Court notes that Plaintiff's allegations are sparse and vague, so it is difficult to glean a coherent narrative from the Complaint. In light of Plaintiff's *pro se* status, the Court liberally construes Plaintiff's allegations, accepts them as true solely for purposes of

screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2), and presents them as such herein. *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013).

On April 19, 2024, Plaintiff was arrested in Montgomery Township after she "was stopped and forcibly removed from her vehicle" by unnamed law enforcement officers who "refused proper identification." (Compl. at 2.) Although "Plaintiff had valid vehicle registration" and "was under active medical care," the officers proceeded to detain and transport Plaintiff to an unknown location. (*Id.*)[1]

At some point thereafter, Plaintiff's "[v]ehicle [was] towed at police request." (*Id.*) When Plaintiff retrieved it, she found that approximately $9,000 in property was missing. (*Id.* ("Upon retrieval -> property missing (~$9,000)").) Plaintiff reported the "missing items" to the Manville Police Department, which concluded its investigation without "further police action." (*Id.* ("Report made to Manville Police"; "Official report documented missing items"; "Investigation concluded -> 'no further police action taken'").)

[1] In full, by way of representative example, Plaintiff alleges the following regarding her April 2024 arrest:

APRIL 19, 2024 – MONTGOMERY TOWNSHIP ARREST

- Plaintiff was stopped and forcibly removed from her vehicle
- No lawful basis for arrest was provided
- Officers refused proper identification
- Plaintiff had valid vehicle registration
- Plaintiff was detained and transported
- Citations and complaints were issued after the arrest
- Plaintiff was under active medical care

(Compl. at 2.) It is unclear from these threadbare allegations what Plaintiff alleges occurred. For example, the Court and Defendants have no way of knowing, from Plaintiff's allegation that "Officers refused proper identification," whether "[o]fficers" refused to provide their own "proper identification" or instead refused Plaintiff's identification when she provided it, and what it means that such identification was "refused."

In connection with the foregoing, on unknown dates, Plaintiff allegedly filed complaints "with Manville" and "with Montgomery." (*Id.* at 3.) The former was "[a]cknowledged by Lt. Crater," but neither complaint resulted in "corrective action." (*Id.*)

On June 24, 2024, Plaintiff was arrested in Hillsborough Township. (*Id.* at 2.) At 2:00 a.m., she was "stop[ped] on [an] empty road" for "[a]lleged 'swerving,'" "ordered out of [her] vehicle," and "[a]rrest[ed] based on an alleged warrant," although "[n]o warrant [was] shown." (*Id.*) The next day, June 25, 2024, Plaintiff was "prevented from attending" a virtual hearing, "[n]ot allowed to post bail," and "[t]ransferred in restraints to Mercer County." (*Id.*) Plaintiff later paid bail, but it was not returned to her. (*Id.* ("Bail later paid -> not returned").) At some point, Plaintiff was indicted "[b]ased on materially inaccurate officer statements" with "[n]o notice of hearing," "[n]o opportunity to appear," and "[n]o opportunity to be heard." (*Id.* at 2–3.)

On August 29, 2024, i.e., two months after her arrest in Hillsborough Township and four months after her arrest in Montgomery Township, "Plaintiff was arrested at Newark Airport for an alleged failure to appear at an arraignment and right-to-counsel hearing."[2] (*Id.* at 3.) Plaintiff alleges that she "had no notice of any such hearing" and "was taken into custody and detained despite lack of notice." (*Id.*) Plaintiff was detained "until approximately November 1, 2024." (*Id.*) She alleges she was "[h]eld in isolation" and "[s]ubjected to [a] delayed psychological evaluation." (*Id.*)

The remainder of Plaintiff's allegations are undated and nonspecific. She alleges that she was "[d]enied meaningful access to court," including because her "ADA accommodations [were]

[2] Plaintiff elsewhere alleges that "Jessica Lyons, Esq., was appointed" as her attorney without her consent. (Compl. at 4.) It is unclear whether this "[f]orced counsel" relates to the "right-to-counsel hearing" that precipitated Plaintiff's arrest at Newark Airport or whether Defendant Lyons was appointed in connection with another legal proceeding involving Plaintiff. (*Id.* at 3–4.) The Complaint contains no other allegations about Defendant Lyons. (*See id.* at 1–6.)

not honored," "[h]ealth advocates [were] removed," "[f]ilings [were] not adjudicated or processed," and she was "denied access" to court documents while incarcerated. (*Id.* at 3–4.)

Plaintiff filed her six-page Complaint on April 20, 2026. (*See* Compl.) She names over a dozen Defendants, including four municipalities (Montgomery Township, Hillsborough Township, Princeton, and Borough of Manville), four police departments (Montgomery Township Police Department, Hillsborough Township Police Department, Princeton Police Department, and Manville Police Department), three jails (Somerset County Jail, Morris County Correctional Facility, and Mercer County Correctional Center), and six individuals (Officer Chapkowski, Officer Gonzalez, Lieutenant John Crater, Jessica Lyons, Esq., Warden of Somerset County Jail, and Warden of Mercer County Correction Center).[3] (*Id.* at 1.) Plaintiff raises twelve claims under 42 U.S.C. § 1983 and a single claim under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. (*Id.* at 1, 4.) She seeks compensatory and punitive damages. (*Id.* at 1, 4–5.)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), a district court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. Section 1915 "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (emphasis omitted) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)),

[3] In listing Defendants in the Complaint's caption, Plaintiff writes "Somerset County Jail/Warden of Somerset County Jail" and "Mercer County Correctional Center/Warden of Mercer County Correction Center." (Compl. at 1.) It is thus unclear whether Plaintiff intends to sue both jails as well as their wardens, only the former, or only the latter. The Complaint offers no clarity. Plaintiff's only mention of Somerset County Jail and the wardens is in the caption, and her only seeming reference to Mercer County Correctional Center outside of the caption is her allegation that she was "[t]ransferred in restraints to Mercer County." (*Id.* at 1–2.) The Court addresses this pleading deficiency in greater detail below. *See infra* Section III.B.1.

§ 1915(e) empowers district courts to dismiss an *in forma pauperis* complaint that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Court thus engages in "a two-step analysis" when considering a complaint filed with an IFP application: (1) under § 1915(a), the Court determines whether the plaintiff is eligible to proceed without prepaying the civil filing fee, and (2) under § 1915(e), the Court determines "whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *1–2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). Courts may address these two questions "in either order or even simultaneously." *Karupaiyan v. Wipro Ltd.*, No. 23-2424, 2025 WL 89076, at *3 n.9 (3d Cir. Jan. 14, 2025) (quoting *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc)).

## III. DISCUSSION

### A. *IN FORMA PAUPERIS* APPLICATION

Section 1915(a) requires a plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C. § 1915(a)). In the IFP application, the plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept.

27, 2013) (quoting *Simon v. Mercer Cnty. Cmty. Coll.*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)), *aff'd on other grounds*, 586 F. App'x 899 (3d Cir. 2014).

Plaintiff avers in her IFP application that her total monthly income is $1,500, while her total monthly expenses are $2,350. (IFP at 1–2, 4–5.) She also states that her two children, albeit aged 23 and 25 years old, "rely on [her] . . . for support." (*Id.* at 3.) While the IFP application raises questions regarding Plaintiff's true financial picture, nonetheless, as a courtesy to Plaintiff, and giving her the benefit of the doubt, the Court finds that Plaintiff has pled her financial circumstances with sufficient particularity and that she is unable to pay the $405 filing fee. Accordingly, the Court **GRANTS** Plaintiff's IFP application.

### B. REVIEW OF COMPLAINT

The Court now assesses whether Plaintiff's Complaint is frivolous, fails to state a claim for relief, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "To avoid dismissal [under § 1915(e)(2)(B)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint must also comply with Federal Rule of Civil Procedure ("Rule") 8 and contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019).

Although courts hold *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "a litigant is not absolved from complying with . . . the federal pleading requirements merely because she proceeds pro se," *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (per curiam). "[P]ro se litigants still must allege sufficient facts in their complaints to support a claim," *Mala*, 704 F.3d at 245, and give "adverse

parties fair notice of the claims asserted so as to enable them to answer," *Prelle v. United States*, No. 22-1453, 2022 WL 16958896, at *2 (3d Cir. Nov. 16, 2022) (per curiam) (cleaned up).

1. <u>Rule 8</u>

Plaintiff's Complaint must be dismissed for failing to comply with Rule 8. The Complaint consists of threadbare, conclusory, and ambiguous allegations, which span unrelated events and unrelated parties. As best the Court can discern, Plaintiff alleges three arrests in three different municipalities in 2024, plus surrounding events that occurred in additional municipalities as well as in jails. She lists seventeen Defendants in the caption of the Complaint, most of whom are entirely unmentioned, or mentioned only in passing, in the body of the pleading. She pleads few actual facts, and it is ultimately unclear what misconduct Plaintiff alleges occurred and who she alleges is responsible. Accordingly, as explained hereinbelow, Plaintiff fails to provide fair notice to the Defendants she sues, fails to allege sufficient factual detail so as to make her allegations plausible, and engages in impermissible group pleading in multiple ways.

The following example is illustrative of the deficiencies found in Plaintiff's Complaint:

> 3) JUNE 24, 2024 – HILLSBOROUGH ARREST
>
> - 2:00 a.m. stop on empty road
> - Alleged "swerving"
> - Plaintiff ordered out of vehicle
> - Arrest based on alleged warrant
> - No warrant shown

(Compl. at 2.) Plaintiff's allegations follow this format throughout her Complaint—a heading followed by a bulleted list of sentence fragments. Her lone reference to "Hillsborough" in the above heading is likewise representative. Plaintiff has sued both Hillsborough Township and Hillsborough Township Police Department, yet she names neither in the body of her Complaint, and the heading above constitutes her sole mention of "Hillsborough" outside of the caption. Her references to other Defendants are similarly fleeting and undeveloped, if they are mentioned at all.

Also throughout the Complaint, as above, Plaintiff pleads partial sentences. She omits factual detail and support and fails to adequately describe *who* did *what* and *how*, as necessary to present a cognizable legal claim and allow the Defendants she sues to know what they are alleged to have done.

Plaintiff follows her skeletal "facts" section with a list of twelve counts:

**Count I – Unlawful Seizure**

**Count II – False Arrest / Imprisonment**

**Count III – Due Process Violation**

**Count IV – Denial of Court Access**

**Count V – Fabrication of Evidence**

**Count VI – Conspiracy**

**Count VII – Municipal Liability (Monell)**

**Count VIII – ADA Violations**

**Count IX – Excessive Force**

**Count X – Retaliation**

**Count XI – Failure to Intervene**

**COUNT XII – Denial of right to self-representation and access to defense (§1983)**

(*Id.* at 4.) She does not elaborate on her claims beyond this list, thus providing no indication of which claims correspond with which Defendants and factual allegations.

As the foregoing demonstrates, Plaintiff's Complaint violates Rule 8. "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'" *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (omission in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam)). To satisfy Rule 8, a complaint must "'possess enough heft' to demonstrate an entitlement to relief" and must "'identif[y] discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Id.* at 92–93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)); *see Purisima v. City of*

*Philadelphia*, 738 F. App'x 106, 107 (3d Cir. 2018) (per curiam) ("The allegations in the complaint . . . must not be so undeveloped that they do not provide a defendant the type of notice of claim which is contemplated by Rule 8." (cleaned up)). "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett*, 938 F.3d at 93.

Plaintiff's allegations are impermissibly "vague [and] ambiguous." *Id.* The "fractured nature of the pleading"—owing to, *inter alia*, Plaintiff's use of sentence fragments and the breadth of the incidents she alleges—is such that "its true substance, if any, is well disguised."[4] *Rosado v. City of Chester County*, No. 24-6087, 2025 WL 553357, at *5–6 (E.D. Pa. Feb. 19, 2025) (quoting *Garrett*, 938 F.3d at 94); *see id.* at *6–7 ("[Plaintiff's] allegations are presented mostly in sentence fragments. . . . Because the facts are alleged in an unclear and disjointed manner, the Complaint fails to provide fair notice of the grounds upon which [Plaintiff's] claims against each Defendant rest and dismissal of the Complaint on this basis alone is warranted."); *Matthews v. Hillegass*, No. 18-2235, 2018 WL 950259, at *1 (D.N.J. Feb. 20, 2018) (finding that *pro se* complaint violated Rule 8 where it "consist[ed] primarily of sentence fragments," "failed to provide enough of a factual basis for th[e] Court to . . . discern whether Plaintiff's allegations are plausible," and "[t]he extent of each Defendants' involvement . . . [was] something of a mystery").

Plaintiff likewise engages in impermissible group pleading: her Complaint "fails to specify which of the defendants are responsible for which acts or omissions, or which of the defendants

[4] The Court likewise notes Plaintiff's "likely violation of Rule 20 concerning the proper joinder of parties defendant. It is obvious that the alleged liability of most of these defendants does not arise out of the same transaction or series of transactions." *U.S. ex rel. Dattola v. Nat'l Treasury Emp. Union*, 86 F.R.D. 496, 500 (W.D. Pa. 1980); *see Stevens v. Andrews*, No. 25-1878, 2026 WL 475920, at *1–3 (M.D. Pa. Feb. 19, 2026) (finding that *pro se* plaintiff improperly joined unrelated claims against different defendants and directing plaintiff to voluntarily dismiss certain claims or request severance thereof into separate lawsuits).

the claim is brought against." *Minchin v. Ascend Wellness Holdings, Inc.*, No. 25-17576, 2026 WL 1533373, at *7 (D.N.J. June 1, 2026); *see Kong v. Johnson & Johnson*, No. 23-3091, 2024 WL 1640996, at *5 (D.N.J. Apr. 15, 2024) (explaining that an "impermissible group pleading" is one that "injects an inherently speculative nature into the pleadings, forcing both the [d]efendants and the Court to guess who did what to whom when'" (alteration in original)); *Patrick v. Equifax Info. Servs., LLC*, No. 23-4092, 2024 WL 2077036, at *4 (D.N.J. May 9, 2024) (explaining four categories of "shotgun pleadings," including complaints that "assert multiple claims against multiple defendants without specifying which of them are responsible for which acts or omissions" and "contain multiple counts where each count adopts the allegations of all preceding counts").

Multiple Defendants appear only in the caption on the first page, and others are mentioned only in passing with insufficient factual detail about their alleged misconduct and the claims against them. *See Hudson v. McKeesport Police Chief*, 244 F. App'x 519, 522 (3d Cir. 2007) (per curiam) ("Hudson's claims against David Fath fail to meet the minimal standard of Rule 8(a). Hudson merely includes Fath in the caption of his complaint and does not provide any basis for a claim against him."); *Gadra-Lord v. Varano*, No. 12-2426, 2014 WL 7139798, at *8 (M.D. Pa. Dec. 12, 2014) (explaining that naming defendants in the caption without "describing their conduct by name in the body of th[e] . . . pleading[] is legally insufficient to state a claim"). "[H]aphazard references to Defendants that are disconnected from any specific cause of action make it impossible to give Defendants 'fair notice' of the claims asserted and the grounds upon which those claims rest." *Cox v. Money Source, Inc.*, No. 23-20880, 2025 WL 1621984, at *4 (D.N.J. June 9, 2025) (alteration in original).

Similarly, "each of [Plaintiff's] twelve 'counts' appears to be raised generally against all of the defendants," which violates Rule 10(b) and is particularly "problematic given that [Plaintiff]

has brought claims allegedly arising at [multiple] locations" and involving numerous Defendants. *Grande v. Starbucks Corp., C.A.*, No. 18-04036, 2019 WL 1455445 at *3 (E.D. Pa. Apr. 1, 2019); *see* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."); *Patrick*, 2024 WL 2077036, at *4 ("A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." (cleaned up)). "The defendants cannot defend the claims against them if they do not know which acts they allegedly committed and where those acts allegedly occurred." *Grande*, 2019 WL 1455445 at *3.

2. Failure to State a Claim

In addition to dismissing Plaintiff's Complaint in its entirety on Rule 8 grounds, the Court must also dismiss Plaintiff's § 1983 claims against Montgomery Township, Montgomery Township Police Department, Hillsborough Township, Hillsborough Township Police Department, Princeton, Princeton Police Department, Borough of Manville, Manville Police Department, Somerset County Jail, Warden of Somerset County Jail, Morris County Correctional Facility, Mercer County Correctional Center, Warden of Mercer County Correction Center, and Defendant Jessica Lyons, Esq. and Plaintiff's ADA claims against all Defendants for failure to state a claim.

a. *Section 1983*

Plaintiff sues four police departments, three jails, and one attorney, none of whom may be sued under § 1983. To state a claim under § 1983, a plaintiff must show that the alleged constitutional deprivation was committed by (1) a person (2) acting under color of state law. *Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (per curiam) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)); *see also Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). Police departments and

correctional facilities are not "persons" within the meaning of § 1983, and attorneys—whether private attorneys, court-appointed attorneys, or public defenders—are not state actors. *See St. Martin v. W. Windsor Twp. Police Dep't*, 753 F. Supp. 3d 369, 404 n.39 (D.N.J. 2024) (citing *Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004)); *Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013) (per curiam); *Catanzaro v. Davis*, 686 F. App'x 91, 94 (3d Cir. 2017) (per curiam); *Sanders v. Norwood*, No. 26-8078, 2026 WL 1970572, at *3 (D.N.J. July 8, 2026); *White v. Hinds*, No. 13-7441, 2015 WL 3745216, at *3 (D.N.J. June 15, 2015), *aff'd*, 675 F. App'x 186 (3d Cir. 2017) (per curiam). Accordingly, Plaintiff's § 1983 claims against Montgomery Township Police Department, Hillsborough Township Police Department, Princeton Police Department, Manville Police Department, Somerset County Jail, Morris County Correctional Facility, Mercer County Correctional Center, and Defendant Jessica Lyons, Esq. must be dismissed.

Plaintiff also sues four municipalities, who, although capable of suit under § 1983, may not be held vicariously liable under § 1983 for the conduct of their employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978). Plaintiff alleges "only a descriptive account" of events that occurred in the defendant municipalities, at most involving employees thereof, without any allegations sufficient to impose municipal liability. *Keefe v. Settembrino*, No. 19-121, 2019 WL 913157, at *3 (D.N.J. Feb. 25, 2019); *see Bostard v. Borough of Wildwood Crest*, No. 23-18574, 2026 WL 2920948, at *8 (D.N.J. Sept. 29, 2026). Plaintiff's § 1983 claims against Montgomery Township, Hillsborough Township, Princeton, and Borough of Manville must thus be dismissed.

For the same reason, Plaintiff fails to state a § 1983 claim against the two warden defendants. A plaintiff cannot predicate § 1983 liability on a *respondeat superior* basis and must allege the personal involvement of the defendants in the alleged rights violation. *Robinson v.*

*Delbalso*, No. 22-2378, 2022 WL 17248100, at *2 (3d Cir. Nov. 28, 2022) (per curiam). Plaintiff does not allege either warden's personal involvement in any misconduct; indeed, she does not mention them outside of the caption of the Complaint. *See Clark v. Shartle*, No. 14-2469, 2014 WL 6065793, at *3 (D.N.J. Nov. 13, 2014) ("It appears as if plaintiff is asserting that [the defendant] is liable under a theory of *respondeat superior* as warden . . . . Indeed, [the defendant] is not named . . . in the complaint itself besides the caption. 'In order for liability to attach under [§ 1983], a plaintiff must show that a defendant was personally involved in the deprivation of his federal rights.'" (quoting *Fears v. Beard*, 532 F. App'x 78, 81 (3d Cir. 2013) (per curiam))). The Court thus dismisses Plaintiff's § 1983 claims against the Warden of Somerset County Jail and the Warden of Mercer County Correction Center.

b. *ADA*

Finally, Plaintiff fails to state a claim under Title II of the ADA against any Defendant. The Complaint's only ADA-related allegations, which appear under the heading "COURT OBSTRUCTION AND ADA VIOLATIONS," are that "[h]ealth advocates [were] removed" and "ADA accommodations [were] not honored." (Compl. at 3.) The only Defendant allegedly related in any way to Plaintiff's courtroom appearances is Defendant Jessica Lyons, Esq., who Plaintiff simply alleges "was appointed" without her consent to represent her in some capacity. (*Id.* at 4.) The Court is at a loss as to how Defendant Lyons, a public defender and court-appointed attorney, could have possibly violated the ADA as it relates to Plaintiff. Moreover, "Title II of the ADA authorizes suits only against public entities, not individuals." *Valdivia v. Medina*, No. 25-3901, 2026 WL 2137606, at *4 n.3 (D.N.J. July 24, 2026) (citing *Matthews v. Pa. Dep't of Corr.*, 613 F. App'x 163, 169–70 (3d Cir. 2015)). Accordingly, Plaintiff fails to state an ADA claim against

Defendant Lyons, who may not be sued under Title II of the ADA, or against any other Defendant, as Plaintiff fails to attribute any ADA-specific allegations to any of the remaining Defendants.[5]

[5] The Court herein addresses only some of the many deficiencies that warrant dismissing Plaintiff's Complaint. Plaintiff is put on notice that the Complaint could equally be dismissed on other grounds, including but not limited to Plaintiff's failure to adequately allege other elements of her ADA claim.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's IFP Application (ECF No. 1–2) and **DISMISSES** the Complaint (ECF No. 1) **WITHOUT PREJUDICE**. An appropriate Order accompanies this Memorandum Opinion.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: November 16, 2026